1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9

10    TERRY TYLER,                        CASE NO.    1:10-cv-00098-AWI-MJS (PC)

11                     Plaintiff,         ORDER DISMISSING PLAINTIFF'S FIRST
                                          AMENDED COMPLAINT WITH LEAVE TO
12         v.                             AMEND

13    COGGINS, et al.,                    (ECF No. 20)

14                     Defendants.        AMENDED COMPLAINT DUE WITHIN
15                                        THIRTY (30) DAYS

16    _____/

17

                              **SCREENING ORDER**
18

19    **I.    PROCEDURAL HISTORY**

20         Plaintiff Terry Tyler, a federal prisoner proceeding pro se and in forma pauperis,

21    filed this civil action on January 19, 2010, pursuant to Bivens v. Six Unknown Named

22    Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy

23    for the violation of civil rights by federal actors.  (ECF No. 1.)  On June 10, 2010, Plaintiff

24    voluntarily filed an amended complaint.  (ECF No. 20.)   The Federal Rules of Civil

25

26    Procedure provide that a party may amend his or her pleading "once as a matter of course

27

                                          1

at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Plaintiff's First

Amended Complaint is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Bureau of Prisons ("BOP")

employees at the United States Penitentiary, Atwater (Atwater) as Defendants in this

action: (1) Coggins, Unit Counselor; (2) Rios, Warden; and (3) "[o]ther unknown name[d]

officers/officials."  (Compl. at 2.)

Plaintiff alleges the following:

In October of 2009 Plaintiff thwarted a prison gang's attempt to murder another

inmate.  Plaintiff was then placed in the Special Housing Unit (SHU) because of the threat

of gang retaliation.  (Id. at 3.)  Plaintiff was either scheduled for a routine transfer or applied

for a different facility.

2

Plaintiff sought a transfer to a "Re-entry Residential Center" (RRC).  (Id. at 4.)  The Defendants maintained that Plaintiff would be sent to an institution on par with Atwater and made no effort to reward Plaintiff's lifesaving efforts by facilitating his desired transfer.  (Id.)  The Defendants' actions were part of a "plan to deny [P]laintiff RCC in total violation of law [18] U.S.C. [§] 3621(b) which states 'The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another.'" (Id. at 5.)

Defendant Rios was aware of Plaintiff's circumstances and was responsible for the violations because Rios "had the authority to order the remaining [D]efendants to facilitate Plaintiff transfer."  (Id.)  Part of Defendant Coggins' duties as Unit Counselor is to review Plaintiff's facility placement and determine if continued confinement in a particular facility is warranted.  Plaintiff was never given such a review.  Although, Plaintiff's status in the SHU was reviewed by the Defendants once a week for ten weeks.

The Defendants' refusal to transfer Plaintiff to a RRC amounted to cruel and unusual punishment in violation of the Eighth Amendment.  The refusal was also "in violation of law 18 U.S.C. 3624(c) thereby violating Plaintiff right to Due Process under the law accordance with the Fifth Amendment . . . ." (Id. at 6.)

## IV.   ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### A.      Eighth Amendment

Plaintiff alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying his repeated requests for transfer to a RRC.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff does not allege that he was denied the minimal civilized measure of life's necessities; rather, he complains of being denied a particular prison transfer.  Plaintiff cannot state an Eighth Amendment claim on these grounds because the deprivation complained of is not sufficiently extreme.  See Seidenfeld v. Rosales, 2011 WL 835782, *2 (C.D. Cal. Jan. 20, 2011) (finding the denial of entry into Residential Drug Abuse

Program did not amount to an adequate deprivation with regard to an Eighth Amendment claim).

Plaintiff explicitly identified the Defendants' denial of his requested RRC transfer as the grounds for his Eighth Amendment claim.  Refusing a requested transfer cannot constitute a sufficiently serious deprivation to satisfy the first element of Plaintiff's Eighth Amendment claim.  No useful purpose would be served by granting leave to amend.

**B.     Due Process**

Plaintiff alleges that the Defendants violated his Fifth Amendment rights to due process by failing to approve his request to be transferred to a RRC.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Fifth Amendment itself provides no liberty interest in a prisoner's desired location of incarceration. The law is clear that a prisoner has no constitutional right to be

placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another.  Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights).

Plaintiff asserts that the Defendants violated 18 U.S.C. § 3624(c) by refusing his transfer request and thereby violated his due process rights.  The nature of the deprivation, rather than the wording of the statute itself, is the focus of consideration when determining whether a statute creates a liberty interest.  Sandin, 515 U.S. at 481-84.  Section 3624(c) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The statute compels the BOP to consider a pre-release term towards the end of a prisoner's sentence, but ultimately grants the BOP discretion in the matter.  Essentially, Plaintiff contends that the BOP should exercise its authority in his case and transfer him to an RRC; Plaintiff complains of being forced to remain in a typical federal correctional facility.  Plaintiff pleads no facts indicating that his confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718.  Being forced to remain in a general prison facility embodies the typical hardship of confinement.

Plaintiff fails to allege facts to support that atypical and significant hardships were

6

imposed on him within the meaning of <u>Sandin</u>.  Thus, he fails to adequately allege the existence of a liberty interest entitling him to due process.  Plaintiff accordingly fails to state a claim.

This order has tried to analyze Plaintiff's "CLAIMS" on page six of the Complaint by attempting to distill the legible and coherent factual allegations therein.  However, as far as the Court can tell Plaintiff believes he is entitled to be transferred to an RRC and that he has a protected liberty interest in such a transfer.  While Plaintiff can not state a cognizable civil rights based on his perceived right to be transferred to an RRC, the Court will provide one opportunity to amend his due process claim in case we have misunderstood the essence of his claim.  Should Plaintiff choose to amend, he must clearly identify the source of his liberty interest and explain how the named defendants denied him due process.

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to amend his Fifth Amendment due process claim only.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it

1   is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

2   2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

3   the deficiencies set forth above.

4           Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

5
6   be complete in itself without reference to any prior pleading.  As a general rule, an

7   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

8   57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

9   serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11  The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

12
13  refer to the appropriate case number, and be an original signed under penalty of perjury.

14  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as

15  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

16  speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

17          Accordingly, it is HEREBY ORDERED that:

18          1.      The Clerk's Office shall send Plaintiff (1) the form complaint for use in a

19
20  Bivens civil rights action and (2) a copy of his First Amended Complaint, filed June 10,

21  2010;

22          2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim

23  upon which relief may be granted;

24          3.      Plaintiff shall file an amended complaint within thirty (30) days; and

25          4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

26  /////

27

1   action will be dismissed, with prejudice, for failure to state a claim and failure to comply

2   with a court order.

3

4
     IT IS SO ORDERED.
5

6   Dated:      January 30, 2012                    /s/ *Michael J. Seng*

7   ci4d6                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27