UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY TYLER,<br><br>    Plaintiff,<br><br>v.<br><br>COGGINS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.  1:10-cv-00098-AWI-MJS (PC)<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF No. 31)<br><br>PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Terry Tyler, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on January 19, 2010, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  On June 10, 2010, Plaintiff voluntarily filed an amended complaint.  (ECF No. 20); Fed. R. Civ. P. 15(a).  On January 31, 2012, Plaintiff's First Amended Complaint was screened and dismissed, with leave to

amend, for failure to state a cognizable claim. (ECF No. 29.) Plaintiff's Second Amended Complaint (ECF No. 31) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies Warden Rios as the sole Defendant and alleges that Rios denied Plaintiff's requests to be transferred to a Residential Reentry Center (RRC) or a federal camp, thereby violating Plaintiff's Due Process rights. Plaintiff asserts, without reference to his own claim, that Bureau of Prisons (BOP) Program Statement P5331.02 does not comply with 18 U.S.C. § 3621(e). (Compl. at 1.)

## IV. ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that the Defendant violated his Fifth Amendment rights to due process by failing to approve his request to be transferred to a RRC or federal camp.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Fifth Amendment itself provides no liberty interest in a prisoner's desired location of incarceration. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one

facility may be quite different from that in another. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights).

The Court's previous screening order held that Plaintiff had failed to state a cognizable Due Process claim because he had not identified a liberty interest. Plaintiff complained of being denied a transfer to a RRC or federal camp. The Second Amended Complaint renews this claim but asserts a protected liberty interest in 18 U.S.C. § 3621(e) instead of 18 U.S.C. § 3624(c), relied on in the First Amended Complaint.

The nature of the deprivation, rather than the wording of the statute itself, is the focus of consideration when determining whether a statute creates a liberty interest. Sandin, 515 U.S. at 481-84. Section 3621(e) relates to the confinement of prisoners with a substance abuse problem. Subsection (b)(2) provides for the Residential Drug Abuse Program (RDAP). Being denied the benefits of a substance abuse program does not create a protected liberty interest because the denial does not impose an atypical hardship on a federal prisoner; it "merely means that the inmate will have to serve out his sentence as expected." Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir. 1997).

Plaintiff has made no substantive change to his allegations: he believes that he deserves to be at a facility with more favorable conditions and that there is no good reason Warden Rios or the BOP should deny his transfer requests. As the Court stated in its previous order, "[b]eing forced to remain in a general prison facility embodies the typical hardship of confinement." (ECF No. 29 at 6.) Plaintiff has again failed to plead facts indicating that his confinement "imposes atypical and significant hardship . . . in relation to

4

the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718.

## V.      CONCLUSION AND RECOMMENDATION

Plaintiff's Second Amended Complaint does not state a cognizable claim against the named Defendant. Despite having been given an opportunity to amend and having his pleading deficiencies pointed out, Plaintiff has filed an amended pleading which repeats those deficiencies. It is clear then that further leave to amend would be futile. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 29, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

5